**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEREMY GAUTHIER,

          Petitioner - Appellant,

   v.

DEBRA HERNDON, Warden,

          Respondent - Appellee.

No. 08-56444

D.C. No. 8:07-cv-00476-SJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

   California state prisoner Jeremy Gauthier appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Gauthier challenges a disciplinary decision in which he was found guilty of trafficking narcotics on prison grounds. Gauthier first contends that the hearing officer presiding over the disciplinary proceeding was biased. The record does not demonstrate that the hearing officer was biased or suppressed evidence of innocence. *See Edwards v. Balisok*, 520 U.S. 641, 647 (1997); *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Gauthier also contends that he did not receive adequate notice of the charges. This contention fails because Gauthier was provided with enough information about the factual basis for the charge "to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974); *see also Zimmerlee v. Keeney*, 831 F.2d 183, 188 (9th Cir. 1987).

The state court's conclusion that some evidence supports the decision was not objectively unreasonable. *See* 28 U.S.C. § 2254(d); *see also Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

---

[1] We certify for appeal, on our own motion, the issues of (1) whether the hearing officer was biased; (2) whether Gauthier received adequate notice of the charge; and (3) whether the decision finding Gauthier guilty of trafficking narcotics on prison grounds was supported by some evidence. The state has fully briefed the issues that we certify for appeal.

Finally, Gauthier raises an equal protection claim that he did not present to the district court.  We decline to consider this claim for the first time on appeal. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir. 2004).

**AFFIRMED.**